1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL BRANDON MAYBERRY,                    No.  2:16-cv-2371-JAM-KJN (PS)

12              Plaintiff,

13        v.                                      ORDER AND

14   SUISUN CITY POLICE DEPARTMENT,               FINDINGS AND RECOMMENDATIONS
     et al.,
15

16              Defendants.

17

18        Plaintiff Michael Brandon Mayberry, who is proceeding without counsel in this action,

19   has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)

20   Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing

21   required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in*

22   *forma pauperis*.

23        The determination that a plaintiff may proceed *in forma pauperis* does not complete the

24   required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

25   time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

26   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27

───────────────

28   [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. §
     636(b)(1).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Plaintiff names the Suisun City Police Department and Suisun City Police Officers Eric Vera, J. Lazaro, and Diaz as defendants to this action. (ECF No. 1.) Plaintiff alleges that Officers Vera, Lazaro, and Diaz wrongly arrested him for arson. (Id. at 3.) Plaintiff alleges

1    further that Officer Vera was the "lead investigator and arresting officer," and that "he profiled

2    [plaintiff] and wrongfully arrested [plaintiff]." (Id.)  Finally, plaintiff alleges that the arson case

3    against him was dismissed in the interest of justice 44 days after his arrest because "[t]he police

4    had video evidence that showed it was not [plaintiff]" who committed the offense, in addition to a

5    "witness statement that states [plaintiff] was nowhere near the crime scene." Id.  Plaintiff seeks

6    compensatory damages based on this alleged wrongful arrest. Id.

7          Based on the limited record before the court, it appears that plaintiff states potentially

8    cognizable Fourth Amendment claims against Officers Vera, Lazaro, and Diaz for wrongful arrest

9    pursuant to 42 U.S.C. § 1983.  Nevertheless, the court reserves decision as to plaintiff's claims

10   until the record is sufficiently developed, and this order does not preclude defendants from

11   challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil

12   Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the

13   court orders service of the complaint on Officers Vera, Lazaro, and Diaz.

14         However, with regard to defendant Suisan City Police Department, the court finds that the

15   complaint does not state a cognizable claim against that defendant as a matter of law.  Because

16   there is no respondeat superior liability under 42 U.S.C. § 1983, counties and municipalities may

17   be sued under § 1983 only upon a showing that an official policy or custom caused the

18   constitutional tort.  Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-94

19   (1978).  Stated differently, "[i]t is only when the execution of the government's policy or custom

20   … inflicts the injury that the municipality may be held liable under § 1983." Canton v. Harris,

21   489 U.S. 378, 385 (1989).  "[L]ocal governments, like any other § 1983 'person,'. . . may be sued

22   for constitutional deprivations visited pursuant to governmental 'custom' even though such a

23   custom has not received formal approval through the body's official decision making channels."

24   Monell, 436 U.S. at 690-91.  A local governmental entity may "be liable if it had a policy or

25   custom of failing to train its employees and that failure to train caused the constitutional violation.

26   In particular . . . the inadequate training of police officers could be characterized as the cause of

27   the constitutional tort if – and only if – the failure to train amounted to 'deliberate indifference' to

28   the rights of persons with whom the police come into contact." Collins v. City of Harker Heights,

1   503 U.S. 115, 123-24 (1992).  Here, plaintiff has pled no facts suggesting that his allegedly

2   wrongful arrest was caused by a policy or custom of defendant Suisun City Police Department.

3          Moreover, the Suisun City Police Department is not a "person" within the meaning of

4   § 1983.  The term "persons" encompasses state and local officials sued in their individual

5   capacities, private individuals, and entities which act under the color of state law and local

6   governmental entities.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996).

7   However, the Suisun City Police Department is a municipal department of the City of Suisun, and

8   is not, as a general matter, considered a "person" within the meaning of Section 1983.  See United

9   States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and

10  bureaus are generally not considered 'persons' within the meaning of Section 1983."); Rodriguez

11  v. Cnty. of Contra Costa, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing Hervey v.

12  Estes, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties,

13  are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the

14  police departments, are not generally considered "persons" within the meaning of § 1983.");

15  Nelson v. Cty. of Sacramento, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing

16  Sacramento Sheriff's Department from Section 1983 action "with prejudice" because it "is a

17  subdivision of a local government entity"); Gonzales v. City of Clovis, 2013 WL 394522 (E.D.

18  Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of

19  Section 1983); Wade v. Fresno Police Dep't, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010)

20  (finding the Fresno Police Department to not be a "person" under Section 1983).  Because the

21  Suisun City Police Department is not a "person" within the meaning of Section 1983, plaintiff

22  cannot maintain his constitutional claim for wrongful arrest against that defendant under that

23  statute as a matter of law.

24         In sum, plaintiff appears to state a potentially cognizable claim against Officers Vera,

25  Lazaro, and Diaz.  Therefore, plaintiff may proceed forthwith to serve and pursue his claims

26  against these defendants.  However, because plaintiff cannot maintain a cognizable claim against

27  defendant  Suisun City Police Department as a matter of law, the court recommends that

28  defendant be dismissed from this action with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2.      Service of the complaint is appropriate for defendants Eric Vera, J. Lazaro, and Diaz of the Suisan City Police Department.

3.      The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4.      The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5.      Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

        a.      One completed summons;

        b.      One completed USM-285 form for each defendant to be served;

        c.      A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

        d.      A copy of this court's scheduling order and related documents for each defendant to be served.

6.      Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

7.      The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.

8.      If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal.  The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

9.      The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

1        10.     Failure to comply with this order may result in any appropriate sanctions,

2   including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil

3   Procedure 41(b).

4        Furthermore, IT IS HEREBY RECOMMENDED that defendant Suisun City Police

5   Department be dismissed from this action with prejudice.

6        These findings and recommendations are submitted to the United States District Judge

7   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

8   days after being served with these findings and recommendations, any party may file written

9   objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served on all parties and filed with the court within fourteen (14) days after service of the

12  objections.  The parties are advised that failure to file objections within the specified time may

13  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

14  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15       IT IS SO ORDERED AND RECOMMENDED.

16  Dated:  December 15, 2016

17

18                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                            6