UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRANDON MAYBERRY,<br><br>Plaintiff,<br><br>v.<br><br>SUISUN CITY POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:16-cv-2371-JAM-KJN<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

Plaintiff, proceeding without counsel, filed this action under 42 U.S.C. § 1983 and other unspecified state laws on October 4, 2016. (ECF No. 1.) Plaintiff alleges that on May 25, 2016, defendants Eric Vera, J. Lazaro, and Diaz, all officers with the Suisan City Police Department, wrongfully arrested plaintiff for suspicion of arson, and that the arson charges against him were eventually dismissed after video evidence was revealed showing that plaintiff was not the individual who committed the arson for which he was arrested. (Id.) Plaintiff seeks compensatory damages based on this alleged wrongful arrest. (Id.)

////

////

////

////

1

On December 15, 2016, the court granted plaintiff's request to proceed *in forma pauperis*, ordered the Clerk of Court to issue process papers with respect to defendants Eric Vera, J. Lazaro, and Diaz,[1] and the court's scheduling order to plaintiff, ordered plaintiff to supply the United States Marshal with all documents needed to effectuate service of process within 30 days and file a statement with the court that such documents had been submitted to the United States Marshal within 10 days thereafter, and ordered the United States Marshal to serve process on defendants within 90 days of receipt of the process documents from plaintiff. (ECF No. 6.) Plaintiff was cautioned that "[f]ailure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 6.)

The docket reveals that the Clerk of Court served the court's above-mentioned order granting the request to proceed *in forma pauperis*, the process documents, and the court's scheduling order on plaintiff that same day. (ECF Nos. 7, 8.) The scheduling order set a status conference for April 27, 2017, at 10:00 a.m., in Courtroom No. 25 before the undersigned, required the parties to file status reports addressing specified topics not later than seven (7) days prior to the status conference, and required the parties to appear at the status conference by counsel or in person if acting without counsel. (ECF No. 8 at 2.) Furthermore, the order cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.) Finally, the order notified the parties that "Local Rule 110 provides that failure to comply with the Local Rules may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (Id.)

Thereafter, on January 18, 2017, the presiding district judge issued an order adopting the undersigned's findings and recommendations recommending that the Suisun City Police Department, another defendant named in the complaint to which the court did not direct service,

---

[1] Plaintiff also named the Suisun City Police Department as a defendant, which the court dismissed with prejudice from this action as an improperly-named defendant. (ECF Nos. 6, 9.)

be dismissed with prejudice. (ECF No. 9.) This order was served on plaintiff by mail at the address on record, but was returned to the court as undeliverable on January 27, 2017.[2] On that same date, plaintiff was informed that he was required to provide a Notice of Change of Address by April 6, 2017. That date has now passed, and, to date, plaintiff has not provided the court with an updated address. Local Rule 183(b) provides, in pertinent part, that "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Furthermore, the court's records show that, to date, plaintiff has not submitted a statement indicating that the necessary process papers were submitted to the U.S. Marshal. No status reports were filed prior to the status conference, and no defendant has appeared in the action since plaintiff filed his complaint and motion to proceed *in forma pauperis* on October 4, 2016. This strongly suggests that plaintiff has also not submitted the process documents to the U.S. Marshal in accordance with the court's order. Taken in conjunction with the fact that plaintiff has not yet provided the court with a Notice of Change of Address, this fact also strongly suggests that plaintiff has abandoned this action, or, in the very least, is not interested in seriously prosecuting it.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

---

[2] Service of the court's order at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

| | |
|---|---|
| 1 | Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action |
| 2 | pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute |
| 3 | or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, |
| 4 | 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground |
| 5 | for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal |
| 6 | Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with |
| 7 | any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th |
| 8 | Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets |
| 9 | and may impose sanctions including dismissal or default); see also E.D. Cal. L.R. 110, 183(a). |

Accordingly, IT IS HEREBY ORDERED that:

1. The April 27, 2017 status conference is VACATED. If necessary, the court will reschedule the date of that conference.

2. Within 30 days of the date of this order, plaintiff shall file a written statement indicating whether and when he had submitted the appropriate service documents to the U.S. Marshal, and if not, shall show cause why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the case and failure to comply with the court's orders.

3. Also within 30 days of the date of this order, plaintiff shall provide the court with an updated address of record.

4. Plaintiff's failure to file the required response, or failure to make the required showing, shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

Dated: April 24, 2017

KJN/amd

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE