UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRANDON MAYBERRY,<br><br>Plaintiff,<br><br>v.<br><br>SUISUN CITY POLICE DEPARTMENT, et al.,<br><br>Defendant. | No. 2:16-cv-2371-JAM-KJN (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

By order filed April 25, 2017 (ECF No. 10), plaintiff was directed to file, within 30 days of the date of the order, a written statement indicating whether and when he had submitted the appropriate service documents to the U.S. Marshal. If he had not submitted the appropriate documents, he was directed to show cause why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the case and failure to comply with the court's orders. The plaintiff was also directed to provide the court with an updated address of record, within 30 days.

The time period for complying with the court's order has passed and there is no indication on the docket that plaintiff has taken any steps to serve summons in this action, to show cause, or to update his address of record. Therefore, the court recommends dismissal at this juncture.

////

1

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2)

> the court's need to manage its docket; (3) the risk of prejudice to
> the defendants; (4) the public policy favoring disposition of cases
> on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute his case have unreasonably delayed the progress of this litigation. The third Ferdik factor also favors dismissal. Although defendants have not yet been served in this case, they have been named in a civil action, and plaintiff's failure to prosecute the case has hampered defendants' ability to move this case forward towards resolution.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has already attempted less drastic sanctions – an order to show cause – prior to recommending dismissal. However, plaintiff failed to respond to the order to show cause and failed to update his address of record.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute his case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors and dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 7, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

16-2371 - MAYBERRY v. SUISUN CITY PD - F&R dismissal

4